IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA , | * | |
| vs. | * | CASE NO. 1:06-CR-31 WLS |
| | | 28 U.S.C. § 2255 |
| NICOLE WENSIL, | * | |
| Petitioner. | * | |

## REPORT AND RECOMMENDATION

Petitioner Wensil was indicted in this court on September 28, 2006, and charged with conspiracy to Possess With Intent To Distribute More Than 500 Grams of Cocaine in Count I of the Indictment and Possession of a Firearm During and In Furtherance of a Drug Trafficking Crime in Count II. (R-1). On October 26, 2006, Attorney Ingrid Driskell was appointed to represent Petitioner Wensil. (R-61). At an evidentiary hearing held in this matter, Attorney Driskell testified that she received discovery from the Government which included documents, audio and vidio tapes, as well as photographs, all of which she reviewed. (R-188 at 28). She concluded, after meeting with Petitioner Wensil approximately six times, that, "Because of the nature of the evidence against her, with her, like I said, being caught red-handed at the hotel room with the drug transaction going down, and quite honestly, that videotape and audiotape of her making negotiations to buy the guns," it was "most definitely" in Petitioner's best interest to enter into a plea agreement in this case. *Id.* at 28, 29. Not surprisingly, on December 18, 2006, Petitioner Wensil officially entered into a Plea Agreement with the Government in open court before District Judge W. Louis Sands and pled guilty to Counts I and II of the Indictment. (R-114, 115). Attorney Driskell

testified that she met with Petitioner Wensil at the jail to discuss her plea agreement before she went to court where Petitioner signed it, initialing every page, and testyfed that she felt that Petitioner Wensil understood the Plea Agreement. *Id.* at 29. Attorney Driskell also testified that the only question Petitioner Wensil had about the Plea Agreement was, "[W]hat she always questioned, and that was, why do I have to get so much time, this is my first time ever being in a whole lot of trouble, I'm 19 years old, can't you do something." *Id.* at 29, 30. Attorney Driskell testified, "Most of my time was spent trying to explain to her the nature of the charges and that she was in federal court, and because of that, that's why she was facing these stiff penalties." *Id.* at 30. On April 17, 2007, Petitioner Wensil was sentenced to 112 months imprisonment on Count I to be followed by a mandatory consecutive 60 months on Count II of her Indictment. (R-155).

Petitioner Wensil's Plea Agreement contained an appeal waiver which limited her right to appeal to the grounds of ineffective assistance of counsel and the court exceeding the sentencing guideline range. (R-115). Petitioner did not file a direct appeal. However, on October 24, 2007, Petitioner Wensil filed a Motion For Leave To File A Motion For Out of Time Appeal which contained claims of ineffective assistance of counsel for failure to file a direct appeal of her conviction and sentence when requested to do so. (R-176). This Motion was treated by the court as a timely filed Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, with Petitioner Wensil declining to amend the same or exercise any other right under *Castro v. United States,* 540 U.S 375, 124 S.Ct. 786, 792 (2003). *See (*R-188 at 4-7).

2

Petitioner Wensil having raised the issue of a timely request that her counsel file a direct appeal, an evidentiary hearing was held on on February 26, 2008, with new counsel to assist the Petitioner. The sole issue, as Petitioner's hearing counsel stated in his post-hearing Brief, was:

> WHETHER TRIAL COUNSEL WAS INEFFECTIVE IN NOT FILING A DIRECT APPEAL WHEN REQUESTED TO DO SO BY THE DEFENDANT.

(R-190 at 2). At the hearing, on direct examination Petitioner Wensil testified that she met with her Attorney the day before sentencing; that at sentencing, Judge Sands advised her of her right to appeal, and she testified that, "I received a little sheet of paper that they gave me that said I had a right to appeal within ten days." *Id.* at 14, 15. Petitioner Wensil further stated:

> I told – – asked Ms. Driskell if she'll file me an appeal because I had this piece of paper that said I could file an appeal in ten days, and Ms. Driskell told me that the DA hold all the cards in these games, Nicole, do you know anybody on the outside.

*Id.* at 16. Petitioner stated that she did not have any discussion with her attorney concerning her right to appeal, although she was sure that she had asked her to file an appeal. *Id.* Petitioner Wensil further stated that she was taken on the day of sentencing to Dooly County Correctional Institute and that:

> That night I got there I was able to put in my store call to get envelopes and stamps, and that next morning I sent a letter out asking her about my appeal, telling her I wanted to appeal because I had a piece of paper that said I could do it within ten days.

*Id.* Attorney Driskell testified that she had explained the appeal waiver contained in the Plea

Agreement to Petitioner Wensil, and that Petitioner Wensil did not ever request her to file an appeal for her. *Id.* at 31. She did recall that when she spoke with Petitioner Wensil after her sentencing, that Wensil was " . . . quite upset and what she kept saying was, talk to Mr. Ferguson and tell him to try to help me, I can try to get somebody to make a buy." *Id.*

## Conclusions of Law

In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), the Supreme Court applied the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984)*,* and reiterated the long established rule, "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 474-77. The Supreme Court further held that, even when a defendant has not specifically instructed his counsel to file an appeal, in order to determine whether counsel performed deficiently, the court must inquire "whether counsel in fact consulted with the defendant about an appeal." *Id.* at 478. "If so, the attorney has only acted unreasonably if he has ignored the client's wishes to appeal the case . . . If not, the court must further inquire whether the attorney had an affirmative duty to consult." *Gomez-Diaz v. United States,* 433 F.3d 788, 792 (11th Cir. 2005). This duty to consult arises when either: "(1) any rational defendant would want to appeal, or (2) the defendant reasonably demonstrated an interest in appealing." *Id.* "To show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega,* 528 U.S. at 484.

Petitioner Wensil has not carried her burden of proof in establishing, to any degree, that she demonstrated an interest in timely appealing her case after sentencing or that, due to her appeal waiver and the overwhelming evidence against her shown through the Government's discovery proffer, any rational defendant would have wanted to appeal. Moreover, Petitioner Wensil's did not appear to be credible. Her memory as to everything but her request for an appeal was vague and conflicting. She eluded on two occasions to the possibility of cooperating with the Government in an effort to obtain a Fed.R.Cr.P. 35 motion for reduction of sentence as noted above. Her testimony that she, immediately after sentencing, requested her counsel to appeal her sentence, and then sent a letter to counsel the next day asking that she appeal her sentence, seems unnecessarily repetitive and unbelievable. More so, it shades Petitioner Wensil's testimony as not credible. Furthermore, she seemed to be uncertain about everything which had occurred before her sentencing, but held out to be absolutely certain that she timely requested that an appeal be filed on her behalf, because, according to her testimony, she had a sheet of paper saying that she could appeal her case within ten days, a phrase she repeated several times.

Attorney Driskell's testimony, on the other hand, appeared straight forward, with no indication of ulterior motive or subtrafuge, and not lacking in credibility. She testified clearly from the beginning that the evidence against Petitioner Wensil was overwhelming and a plea bargain was in her best interest. There is no evidence in the record to indicate that under those circumstances any reasonable defendant would have wanted to appeal. In fact, Petitioner Wensil's references to cooperation with the Government indicate a more

5

reasonable possibility of a reduced sentence than an appeal.

Petitioner Wensil had the burden of demonstrating by a preponderance of the evidence that she had, in fact, timely requested an appeal of her sentence, but she has left the evidence evenly balanced with her statement that she had requested an appeal, against her attorney's statement that she had not. Therefore, even if Petitioner Wensil's lack of credibility was not a factor in this matter, she has still failed to carry her burden of demonstrating by a preponderance of the evidence that she timely requested an appeal of her sentence.

WHEREFORE, IT IS RECOMMENDED that Petitioner Wensil's Motion To Vacate, Set Aside, or Correct her Sentence Pursuant to 28 U.S.C. § 2255/Motion For An Out-of-Time Appeal be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 19th day of May 2008.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE