IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| NICOLE WENSIL, : | |
| : | |
| Petitioner, : | |
| : | 1 : 10-CV-90082 (WLS) |
| : | 28 U.S.C. § 2255 |
| : | 1: 06-CR-31-002 (WLS) |
| : | |
| VS. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| : | |
| Respondent. : | |

# RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255, filed on June 16, 2010, is before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**Procedural History**

The Petitioner was indicted in this Court on September 28, 2006, on charges of conspiracy to possess with intent to distribute more than 500 grams of cocaine (Count 1) and possession of a firearm during and in furtherance of a drug trafficking crime (Count 3). (Doc. 1). On December 18, 2006, the Petitioner entered into a Plea Agreement with the Government and pled guilty to Counts 1 and 3 of the Indictment. (Docs. 114, 115). Petitioner was sentenced to 112 months imprisonment on Count 1, and a mandatory 60 months imprisonment to be served consecutively on Count 3, on April 12, 2007. (Docs. 152, 155).

Petitioner filed a Motion for Out of Time Appeal on October 25, 2007, which was construed by the Court as Petitioner's first Motion to Vacate, Set Aside, or Correct her Sentence

pursuant to 28 U.S.C. § 2255. (Docs. 176, 178, 187). Following an evidentiary hearing, the Honorable G. Mallon Faircloth, United States Magistrate Judge, entered a recommendation, dated May 19, 2008, that the Petitioner's Motion to Vacate be denied, finding that the Petitioner had not established ineffective assistance of counsel. (Doc. 194). This recommendation was adopted by the Honorable W. Louis Sands, United States District Judge, on July 21, 2008. (Doc. 197).

The Petitioner filed the presently pending Motion to Vacate on June 16, 2010, wherein she challenges the sentence handed down by this Court and asks that she be re-sentenced. (Doc. 219).

## Conclusions of Law

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996. Pursuant to the AEDPA, the movant in a § 2255 proceeding must file an application with the appropriate Court of Appeals for an order authorizing the District Court to consider a second or successive § 2255 motion.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required

by 28 U.S.C. § 2255." Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Court. Without authorization from the Court of Appeals, the District Court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

The Petitioner's presently pending Motion to Vacate challenges the substance of Petitioner's conviction and sentence, as she argues that she was wrongfully sentenced under the plea agreement. (Doc. 219). In this regard, the Petitioner is challenging the original Judgment and her presently pending § 2255 motion represents a second or successive challenge to her original criminal conviction. A § 2255 petition will be regarded as a "second" petition to the extent that it challenges a defendant's original conviction and sentence. *In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000).

Therefore, inasmuch as this § 2255 motion represents Petitioner's second challenge to her underlying conviction and is not a challenge to any new Judgment regarding Petitioner's conviction or sentence, it is considered successive. *See United States v. George*, 188 Fed.Appx. 926 (11th Cir. 2006). Inasmuch as the Petitioner has failed to obtain proper authorization for filing this successive petition, this Court is without authority to entertain this second or successive challenge to Petitioner's conviction and sentence. Accordingly, it is the recommendation of the undersigned that this § 2255 motion be **DISMISSED**. *United States v. Terrell*, 141 Fed.Appx. 849, 852 (11th Cir. 2005) (when a person files a second or successive motion to vacate without first obtaining appropriate authorization from the Court of Appeals, the proper remedy is to dismiss the claims raised in the motion). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a

copy of this recommendation.

**SO RECOMMENDED**, this 17th day of December, 2010.

                                                                      s/ ***THOMAS Q. LANGSTAFF***

                                                                      UNITED STATES MAGISTRATE JUDGE

asb