## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:06-cr-31 (WLS) |
| | : | |
| NICOLE WENSIL, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### <u>ORDER</u>

Before the Court is Defendant Nicole Winsel's Motion for Downward Departure (Doc. 241.) In the motion, Winsel urges the Court to reduce her nearly six-year-old sentence because of her post-sentence rehabilitative efforts. She bases this request on a number of cases involving post-arrest conduct and downward departures under United States Sentencing Guideline § 5K2.0 and *Koon v. United States*, 518 U.S. 81 (1996).

While Wensil's efforts at rehabilitation are laudable, they are not grounds for a court to reduce a sentence six years after its entry. A district court's ability to modify a sentence is limited by 18 U.S.C § 3582. A district court may not reduce a sentence except on motion from the Director of the Bureau of Prisons, under Rule 35, or if the defendant's sentence was based on a sentencing range subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582. None of those circumstances are present here. The cases and guidelines Winsel cites are distinguishable because they involve *presentence* conduct. *See, e.g.*, *United States v. Threadgill*, 172 F.3d 357, 364, 373 (5th Cir. 1999).

Accordingly, Winsel's motion (Doc. 241) must be, and is, **DENIED**.

**SO ORDERED**, this _9th_ day of May 2013

/s/ W. Louis Sands_____
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**

1