IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:06-cr-31 (WLS) |
| | : | |
| NICOLE WENSIL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court are Nicole Wensil's Motion to Recommend Community Corrections Center Placement (Doc. 248), a Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 249), a Motion pursuant to Rule 11 (Doc. 251), and a Motion to Appoint Counsel. (Doc. 252). Also before the Court is a Recommendation, without objection, from United States Magistrate Judge Thomas Q. Langstaff, recommending that the Court dismiss the Motion to Vacate for lack of jurisdiction. (Doc. 250.) The Court adopts the Recommendation and denies Wensil's motions.

Wensil's first motion requests that the Court recommend to the Bureau of Prisons, presumably under 18 U.S.C. § 3621(b)(4)(B), that she be placed in community corrections for her last year of imprisonment. Wensil has failed to persuade the Court that she is a good candidate for community corrections, so her motion is **DENIED**. In her Motion pursuant to Rule 11, Wensil requests a resentencing because of errors in her presentence investigation report. Assuming that Wensil's motion is directed to the Court,[1] she has not presented a basis for a sentence reduction, *see* 18 U.S.C. § 3582(c), so her motion is **DENIED**.

As to the Motion to Vacate, the Court agrees with Judge Langtaff that it is a successive petition for which the Court lacks jurisdiction. Therefore, after a de novo review of the Recommendation and the record, the Court finds the Recommendation should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein. Wensil's Petition is **DISMISSED**.

---

[1] Wensil's letter is addressed to the Probation Office and the United States Attorney's Office, but it is marked for the Court's adjudication.

Under Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that no reasonable jurist would find it debatable that the petition is successive and that Wensil did not seek the Eleventh Circuit's leave to file the petition. A certificate of appealability is **DENIED**.

The Motion to Appoint Counsel is **DENIED** as moot.

**SO ORDERED**, this  21st   day of July, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**